UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN B. RIPSON,

    Plaintiff,

v.                                                    Case No: 6:16-cv-1932-Orl-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kristin Beth Ripson's Complaint (Doc. 1) filed on November 4, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions, including Plaintiff's Reply (Doc. 20) and the Commissioner's Surreply (Doc. 21). For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On August 7, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 138, 239-42). Plaintiff asserted an onset date of June 8, 2012, but later amended her onset date to June 9, 2013. (*Id.* at 239, 251). Plaintiff's application was denied initially on October 7, 2013 and on reconsideration on February 20, 2014. (*Id.* at 138, 151). An initial hearing was held before Administrative Law Judge ("ALJ") Mary Brennan on September 29, 2015, and a subsequent hearing was held before ALJ Brennan on January 8, 2016. (*Id.* at 83-126). The ALJ issued an unfavorable decision on February 3, 2016. (*Id.* at 63-76). The ALJ found Plaintiff not to be under a disability from June 8, 2012, through the date of the decision. (*Id.* at 76).

On September 19, 2016, the Appeals Council set aside its earlier action of May 13, 2016 to consider additional evidence. (*Id.* at 1). After consideration of this additional evidence, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 4, 2016. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 31, 2019. (Tr. at 65). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2012, the alleged original onset date. (*Id.*). At step two, the ALJ determined that Plaintiff had the following severe impairments: depression, spondylosis, and lumbar facet arthropathy. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 66).

At step four, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 [C.F.R. §] 404.1567(b) as follows: the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for 6 hours, and can stand and/or walk for 4 hours, over the course of an 8-hour workday. Standing and walking are limited to 30[-]minute intervals. The claimant can occasionally climb ramps and stairs but can never climb ladders, ropes and

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant can frequently reach waist to chest with both arms. The claimant can occasionally reach overhead with both arms. The claimant can frequently perform handling (gross manipulation) with both hands, with no limitations on fine manipulation. The claimant can tolerate occasional exposure to extreme heat or cold, or to humidity. The claimant can tolerate occasional exposure to vibration and proximity to moving mechanical parts. The claimant can never work in high, exposed places. Regarding mental residual functional capacity, the claimant can perform simple routine tasks on a sustained basis over a normal 8[-]hour workday with occasional close interpersonal interactions with coworkers, and occasional interaction with the public.

(*Id.* at 67).

The ALJ determined that Plaintiff was unable to perform her past relevant work as a receptionist, an order clerk, and a front desk receptionist. (*Id.* at 74). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 75). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: document preparer, DOT # 249.587-018, sedentary level, unskilled work with an SVP of 2; addressing clerk, DOT # 209.587-010, sedentary level, unskilled work with an SVP of 2; marker, DOT # 209.587-034, light level work with an SVP of 2; and router, DOT # 222.587-038, light level, unskilled work with an SVP of 2. (*Id.* at 75).[2] The ALJ concluded that Plaintiff was not under a disability at any time from June 8, 2012, through the date of the decision. (*Id.* at 76).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

(1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by Plaintiff, they are:

1) Whether the Appeals Council erred in refusing to remand the case for a new hearing due to new and material medical evidence submitted that had a reasonable possibility of changing the administrative outcome.

2) Whether the ALJ provided sufficient rationale based on substantial evidence for giving the medical opinions of Plaintiff's treating physicians little weight.

3) Whether the ALJ failed to include in the hypothetical question to the vocational expert her own findings that Plaintiff had moderate difficulties in social functioning and maintaining concentration, persistence, or pace.

(Doc. 18 at 14, 18, 23).

### A. New Evidence Submitted to the Appeals Council

Plaintiff argues that the Appeals Council erred in denying Plaintiff's request for review and in refusing to remand this action for a new hearing before an ALJ based upon new and material evidence submitted to it. (Doc. 18 at 14). Plaintiff claims that she submitted additional evidence to the Appeals Council from two medical sources, Dr. Vinuela and Dr. Weiss. (*Id.*). Treating psychiatrist Luis M. Vinuela, M.D.'s additional evidence included his report entitled, "Medical Opinion Re: Ability To Do Work-Related Activities (Mental)" for the time period beginning January 16, 2014 through March 28 2016. (*Id.* at 14-15 (citing Tr. at 907-909)). The remaining additional exhibits comprised the treatment records, laboratory findings, and a medical opinion from neurologist Gary Weiss, M.D. for the time period beginning December 1, 2015 through October 18, 2016. (*Id.* at 15 (citing Tr. at 18-48)).

Plaintiff asserts that the Appeals Council "ignored the limitations provided by Dr. Vinuela in Exhibit 26" and found Dr. Weiss' notes and opinion are not chronologically relevant. (*Id.* at 15). As to Dr. Vinuela, Plaintiff claims that his opinion clearly contradicts Plaintiff's RFC. (Doc. 18 at 16). As to Dr. Weiss, Plaintiff argues that Dr. Weiss' records and opinion are chronologically relevant because he opined that "Plaintiff's impairments have lasted or can be expected to last at least twelve months." (*Id.*; Doc. 20 at 2).

The Commissioner contends that Dr. Vinuela's opinion "does not identify any objective evidence or medical judgment supporting it." (Doc. 19 at 10). The Commissioner also contends that Dr. Weiss' opinion and treating notes were not chronologically relevant to the time period adjudicated in the hearing decision. (*Id.* at 5). The Commissioner asserts that the ALJ issued her decision on February 3, 2016 and Dr. Weiss' opinion is dated October 18, 2016, clearly after the date of the hearing decision. (*Id.* at 5). Further the Commissioner contends that Plaintiff's

characterization that Dr. Weiss' opinion dates back to December 1, 2015 is unsupported by the record. (*Id.* at 5-6).

### 1. Legal Standard

Generally, the administrative process permits a claimant to present new evidence at each stage of the administrative process. *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 943 (11th Cir. 2017); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Ingram*, 496 F.3d at 1253. The Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)); *Ashley*, 496 F.3d at 943 (citing *Washington v. Comm'r Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Ingram*, 496 F.3d at 1253. In addition, the new evidence must not be cumulative of other evidence of record. *Ashley*, 496 F.3d at 943-44. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.

Against this backdrop, the Court turns to the Appeals Council's decision and then to the new evidence submitted by Dr. Weiss. Due to the importance of certain dates, the Court highlights specific key dates below.

## 2. Appeals Council's Decision

On **September 19, 2016**, the Appeal Council entered a Notice of Appeals Council Action. (Tr. at 1). The Appeals Council set aside its earlier action of May 13, 2016 that denied Plaintiff's request for review so that it could consider additional information. (*Id.*). After considering the additional information, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." (*Id.*).

When concluding that the additional information "does not provide a basis for changing the Administrative Law Judge's decision," the Appeals Council considered "whether the Administrative Law Judge's action, findings[,] or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (*Id.*). Further, the Appeals Council specifically mentioned the following additional evidence. (*Id.* at 2). "We also looked at evidence from Gary Weiss MD [sic] dated **June 21, 2016 to August 5, 2016** (27 pages). The Administrative Law Judge decided your case through February 3, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 3, 2016." (*Id.*) (emphasis added).

## 3. Gary Weiss's Treatment Notes and Opinion

### a. Plaintiff's June 21, 2016 Visit to Dr. Weiss

On June 21, 2016, Plaintiff first visited Gary Weiss, M.D. (*Id.* at 41). Plaintiff presented herself for a neurological evaluation as advised by her attorney. (*Id.*). Plaintiff complained that she fell off a bed, injured her left ankle, and had spine problems that started after a fall in

December 2013. (*Id.*). Plaintiff reported that a rheumatologist, Dr. Pachaidee, diagnosed her with fibromyalgia in 2013 and she was under the care of Dr. Gayles for cervical and lumbar pain. (*Id.*). Plaintiff also reported having over twenty (20) procedures on her spine, including nerve blocks, facet injection, and a spinal stimulator surgically placed in July 2015. (*Id.*). Plaintiff reported the stimulator helped some, but she still had untreated pain. (*Id.*).

Plaintiff complained of daily headaches in her frontal lobe and migraines occurring twice a month. (*Id.*). Plaintiff reported facial pain, blurred vision, difficulty reading, photo/phono sensitivity, severe memory loss, dizziness, and some visual loss. (*Id.*). Plaintiff also complained of overall joint and muscle pain due to fibromyalgia. (*Id.*). Plaintiff reported that her balance was poor, she stumbled frequently, and reported falling. (*Id.*). Plaintiff reported constant neck pain that radiated into her bilateral shoulders, which was also associated with muscle spasms. (*Id.* at 41). Plaintiff reported left arm pain that radiated into her hand and her left pointer finger was numb. (*Id.* at 41-42). Plaintiff complained of a decreased grip, weakness bilaterally in her hands, and dropping items frequently. (*Id.* at 42). Plaintiff complained of thoracic pain that radiated in her bilateral rib cage with muscle spasms and low back pain that radiated to her hips and groin area. (*Id.*). Generally, sitting, standing, and walking increased the severity of the pain. (*Id.*). Plaintiff reported numbness in her left foot and toe, excessive daytime fatigue, a history of irritable bowel syndrome, and sleeping poorly at night. (*Id.*).

Dr. Weiss assessed Plaintiff with memory loss with headaches, visual symptoms, "UMN" (upper motor neuron) signs, and rule out "CNS" (central nervous system) disease, and "MS" (multiple sclerosis). (*Id.* at 44). Dr. Weiss also assessed Plaintiff with daily headaches with twice a month migraines, neck pain, thoracic spine pain, "LBP" (low back pain) with "LLE sx" (left lower extremity symptoms), a history of fibromyalgia, a history of an injury to the left

ankle, and a spinal stimulator. (*Id.* at 44-45). Dr. Weiss' plan was to obtain an MRI of the brain, an MRI of the spine, and other specific tests. (*Id.* at 45). Some of these tests were to evaluate Plaintiff's "CNS" (central nervous system) function and to evaluate for "MS" (multiple sclerosis). (*Id.*).

### b. Tests

On July 5 and 8, and August 3 and 4, 2016, Plaintiff underwent an MRI of the Cervical Spine without paramagnetic contrast, an MRI of the Brain with and without paramagnetic contrast agent, an MRI of the Lumbosacral Spine, an MRI of the Thoracic Spine, an MRI of the Cerebrals, an MRA of the Carotids, a Pattern Reversal Visual Evoked Potentials, a Brainstem Auditory Evoked Potentials, a Quantitative Electroencephalogram, and an EEG. (*Id.* at 29-40).

### c. August 5, 2016 Visit

Plaintiff returned to Dr. Weiss on August 5, 2016, to review the test results. (*Id.* at 23). Dr. Weiss found the Brainstem Auditory Evokes Potentials test to be within normal limits on the left, but abnormally delayed on the right. (*Id.* at 26). He found the Visual Evoked Potentials were abnormal and symmetric. (*Id.*). Importantly, he found an abnormal "MRI of the brain with and without paramagnetic contrast agent with periventricular and 10 small, scatter white matter lesions on FLAIR consistent with ischemic or demyelinating disease." (*Id.*). Dr. Weiss assessed Plaintiff with RRMS (relapsing/remitting multiple sclerosis) with memory loss and headaches, visual symptoms, ataxia, "UMN" (upper motor neuron) signs with abnormal "VEP/BSEP/MRI brain." (*Id.* at 27). Dr. Weiss also assessed Plaintiff with neck pain, thoracic spine pain, fibromyalgia, as well as other complaints. (*Id.*). After reviewing the various tests with Plaintiff, Dr. Weiss found that he "believed" that Plaintiff has "RRMS" (relapsing/remitting multiple

sclerosis), and also found that Plaintiff was "[c]learly TTD (temporary total disability)" for at least one year and may be permanently totally disabled. (Tr. at 27-28).

### d. October 18, 2016 Multiple Sclerosis Medical Source Statement

On **October 18, 2016**, Dr. Weiss completed a Multiple Sclerosis Medical Source Statement. (*Id.* at 18-21). Dr. Weiss found Plaintiff is probable for multiple sclerosis. (*Id.* at 18). He diagnosed this condition based upon Plaintiff's symptoms, complaints, and diagnostic testing. (*Id.*). Dr. Weiss found that Plaintiff is "[c]learly . . . temporarily totally disabled x 1 yr and maybe P.T.D. [permanently totally disabled]." (*Id.*). After listing Plaintiff's symptoms, Dr. Weiss found that Plaintiff had "significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movement or gait and station." (*Id.*). In support of this statement, Dr. Weiss noted Plaintiff had decreased strength with left sided "UMN" (upper motor neuron) weakness in arm and leg, reflexes +2/12, bilateral Hoffman signs, and left Babinski sign. (*Id.*). Dr. Weiss found Plaintiff's fatigue was typical for patients with multiple sclerosis. (*Id.* at 19). Dr. Weiss also found Plaintiff severely limited in her ability to work. (*Id.* at 19-20).

### e. Analysis as to Dr. Weiss' Treatment Notes and Opinion

To be very clear, Plaintiff asserts that the Appeals Council erred by not remanding this action due to new and material medical evidence submitted to it. (Doc. 18 at 14-18). Plaintiff spends a great deal of her discussion on Dr. Weiss' October 18, 2016 medical opinion, arguing that the Appeals council "ignored that Dr. Weiss' opinion dated 10/1[8]/16 specifically states that the limitations he assigned Plaintiff were effective 12/01/15 – before the ALJ's 2/3/16 unfavorable decision." (*Id.* at 15 (emphasis in original)). Again, to be very clear, the Appeals Council rendered its decision on **September 19, 2016**, approximately one month **before** Dr.

11

Weiss completed the Multiple Sclerosis Medical Source Statement on **October 18, 2016**. (Tr. at 1, 21). Thus, this document was never before the Appeals Council and the Appeals Council could not have erred by failing to consider it. Moreover, the Appeals Council specifically stated that it reviewed evidence from Dr. Weiss from **June 21, 2016 to August 5, 2016**, and again these dates are well before the October 18, 2016 medical source statement by Dr. Weiss. As such, the Court will not consider the October 18, 2016 Multiple Sclerosis Medical Source Statement by Dr. Weiss.

That said, the Court will consider the additional medical evidence submitted to the Appeals Council from Dr. Weiss, namely the treatment notes and testing dated June 21, 2016 through August 5, 2016 to determine if these documents are chronologically relevant to the time period on or before the ALJ's hearing decision. *See Ingram*, 496 F.3d at 1253. The Appeals Council found these treatment notes were not chronologically relevant to the time period on or before the ALJ's hearing decision of February 3, 2016. (Tr. at 2). To determine if these treatment notes are chronologically relevant, the Court examines Plaintiff's complaints prior to the ALJ's hearing decision and in Dr. Weiss's treatment notes.

Plaintiff complained, *inter alia*, to Dr. Weiss at her June 21, 2016 visit of headaches, poor balance, stumbling frequently, falling, pain in her neck and shoulders, decreased grip, and weakness bilaterally in her hands as well as dropping items. (*Id.* at 41-42). These symptoms mirror complaints Plaintiff made to Dr. Homi S. Cooper, M.D. on October 15, 2015. (*Id.* at 736). Specifically, Plaintiff complained to Dr. Cooper of headaches, cervical pain radiating bilaterally to her shoulders, not having good balance, a fall in the shower, barely able to hold a coffee cup, using two hands to grip the cup, and numbness in her fingers. (*Id.*). Plaintiff also reported to the Florida Pain Clinic on August 20, 2015, November 2, 2015, and November 30,

12

2015 of problems with balance. (*See id.* 851, 854, 855, 863, 864). Thus, prior to the ALJ's hearing decision, Plaintiff reported some similar symptoms that she complained of to Dr. Weiss and some of these symptoms led Dr. Weiss to order additional testing, and the results led Dr. Weiss to "believe" Plaintiff has Multiple Sclerosis. (*Id.* at 27, 45). Thus, Plaintiff reported similar complaints prior to the ALJ's hearing decision and the Court finds that Dr. Weiss' treatment notes are chronologically relevant and relate to the time on or before the ALJ's hearing decision.

Next, the Court considers whether Dr. Weiss' treatment notes and testing are new and material evidence. *See Ingram*, 496 F.3d at 1253. Plaintiff visited Dr. Weiss after the ALJ's hearing decision and, thus, this evidence is new. (*See* Tr. at 22-48). Further, Dr. Weiss conducted additional testing that did not exist on or before the ALJ's hearing decision. (*See id.* at 29-40, 46-48). Both the treatment notes and the testing are new evidence because they were not presented to the ALJ and they relate to Plaintiff's symptoms and complaints before and after the ALJ's hearing decision.

Lastly, the Court considers whether this new evidence is material and would change the administrative outcome. *See Ingram*, 496 F.3d at 1253. The Court turns to the language of the ALJ's hearing decision. Specifically, the ALJ noted that Plaintiff "reported all sorts of symptoms which do not appear to be verified by objective medical evidence including balance problems, difficulty walking, and weakness in the fingers and hands." (Tr. at 71). Later, the ALJ also noted that "[n]othing in the exam results would support the complaints of problems with balance, walking, or weakness." (*Id.*). Finally, the ALJ found that "this is a case where the subjective reports of a wide array of symptoms including pains, weakness, balance problems and panic attacks, are not supported by reference to objective evidence." (*Id.*). Dr. Weiss' records

13

include extensive testing to determine if Plaintiff suffers from Multiple Sclerosis or other similar diseases. (*Id.* at 29-40, 45, 46-48). Dr. Weiss determined based on these tests that he believed Plaintiff suffered from a type of Multiple Sclerosis. (*Id.* at 27). The ALJ was not privy to this new objective testing, which supported Plaintiff's complaints relating to balance, walking, and weakness problems, including hand weakness. Thus, the Court finds that there is a reasonable possibility that Dr. Weiss' records would change the administrative outcome. Accordingly, the Court remands this action to the Commissioner to reconsider the records submitted from Dr. Weiss.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on Dr. Vinuela's records submitted to the Appeals Council, the weight the ALJ afforded medical opinions of Plaintiff's treating physicians, and the hypothetical question presented to the vocational expert. (Doc. 18 at 14, 18, 23). Because the Court finds that on remand, the Commissioner must reevaluate the medical evidence of Dr. Weiss in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) the medical records of Dr. Weiss and Dr. Vinuela; (2) the weight afforded

Plaintiff's treating physicians; and (3) the hypothetical question presented to the vocational expert.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on March 7, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties